Filed 3/4/21  P. v. Loiacono CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA LEE LOIACONO,<br><br>Defendant and Appellant. | B303339<br><br>(Los Angeles County Super. Ct. No. MA075677) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Modified and affirmed with directions.

Helen Hoeffel, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appealing his convictions for being a felon in possession of a firearm and ammunition, Joshua Lee Loiacono (defendant) (1) argues that the trial court erred in giving a consciousness of guilt instruction, and (2) asks us to review sealed transcripts to examine whether the trial court erred in denying his motion to quash a search warrant and unseal its accompanying affidavit, and his motion to obtain law enforcement personnel records under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). We conclude there was no error, and affirm his convictions. However, in light of the recent change to the maximum term of probation effected by Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021) (AB 1950), we reduce the term of defendant's probation from five years to two years.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

In the early morning hours of January 17, 2019, a score of Los Angeles County Sheriffs deputies executed a search warrant on a residential property in Palmdale, California. They were looking for drugs; they found a weapon—namely, a .22 rifle with 54 live rounds of ammunition. Three items of evidence tied the rifle and ammunition to defendant: (1) the rifle and ammunition were found in the cab of an unlocked truck parked just 10 to 15 feet away from the recreational vehicle in which defendant was living, (2) defendant's father—who owned the property (and the truck)—told Deputy Jonathan Livingston, as he was helping Deputy Livingston locate the rifle, that defendant "uses" and "has access to" the truck and that the ".22 . . . belong[ed] to" defendant, and (3) defendant—while being transported to the

police station—told Deputy Livingston and another officer, after receiving and waiving *Miranda* warnings, that he had been "shooting [the rifle] for days" and that he knew he was not supposed to do that due to his prior felony convictions. Among his many prior convictions, defendant has a 1999 conviction for felony burglary (Pen. Code, § 459)[1] and a 2006 conviction for maintaining a place for the purpose of selling, giving away or using controlled substances (Health & Saf. Code, § 11366).

## II. Procedural Background

### A. *Charges*

The People charged defendant with (1) being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and (2) being a felon in possession of ammunition (§ 30305, subd. (a)(1)).

### B. *Pretrial motions*

Prior to trial, defendant (1) moved to quash the search warrant and to unseal the portions of the warrant's accompanying affidavit that were under seal, and (2) filed a motion to obtain the personnel records for, and citizen complaints against, Deputy Livingston for any "conduct involving fabrication or alteration of incident reports or other documents, as well as any other acts of dishonesty or fabrication." After examining the sealed portion of the search warrant affidavit in camera, the trial court found that (1) the magistrate who signed the warrant "properly sealed" the sealed portions of the affidavit, and (2) "there was enough probable cause for the issuance of the search warrant." The court accordingly denied the motions to quash and to unseal. After conducting an in camera hearing with the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

3

custodian of records for the Los Angeles Sheriff's Department, the court ordered the disclosure of discovery.

### C. *Trial*

The matter proceeded to a jury trial.

At trial, defendant's father testified. Contrary to what Deputy Livingston testified that the father had told him, father testified that he never said defendant used the rifle. The father also testified that the deputies had told him—while the search warrant was still being executed—that defendant had admitted to using the rifle, which is contrary to the deputies' testimony that defendant made his admission while he was being transported to the station, which was *after* the search warrant had been fully executed.

Over defendant's objection, the trial court gave the standard CALCRIM 371 consciousness of guilt instruction:

> "If someone other than the defendant tried to create false evidence, provide false testimony, or conceal or destroy evidence, that conduct may show the defendant was aware of his guilt, but only if the defendant was present and knew about that conduct, or, if not present, authorized the other person's actions. It is up to you to decide the meaning and importance of this evidence. However, evidence of such conduct cannot prove guilt by itself."

After defendant admitted his prior convictions, the jury convicted him of both counts.

The trial court imposed a high term, three-year prison sentence for the possession of a firearm count, but suspended execution of that sentence to place defendant on formal probation for five years. The court also imposed a concurrent two-year

4

prison sentence on the possession of ammunition count, and also suspended execution of that sentence to place defendant on formal probation for five years.

**D.** *Appeal*

Defendant filed this timely appeal.

## DISCUSSION

## I. Instructional error

Defendant argues that the trial court erred in giving the standard CALCRIM 371 instruction on consciousness of guilt. We independently review claims of instructional error. (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.) We reject defendant's argument for two reasons.

First, the trial court's consciousness of guilt instruction in this case was proper. A trial court may instruct a jury that it may infer a consciousness of guilt from the proffering of false testimony if there is "some evidence in the record that, if believed by the jury, would sufficiently support the suggested inference." (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 102; *People v. Hart* (1999) 20 Cal.4th 546, 620.) Here, there was. As pertinent here, the factual predicate for the CALCRIM 371 instruction is that (1) "someone other than the defendant tried to . . . provide false testimony," and (2) defendant was "present and knew about that conduct." Here, defendant's father provided false testimony and defendant was present in court to witness that false testimony and defendant knew the truth. The jury had ample basis to conclude that the father's testimony was false: His testimony was different from his prior statements to the sheriff's deputies, he was biased in favor of defendant (Evid. Code, § 780, subd. (f) [bias is relevant to credibility]), and his demeanor evinced a lack of credibility. (Evid. Code, § 780, subd.

5

(a) [demeanor is relevant to credibility].)  Because "impeachment evidence *is* evidence" (*People v. Ghebretensae* (2013) 222 Cal.App.4th 741, 750, italics added), there was "some evidence" to support the factual predicate for this instruction.  What is more, given their familial relationship and the fact they live on the same property, the jury could also infer that defendant had tried to obtain his father's false testimony.  (See, e.g. *People v. Hunt* (1982) 133 Cal.App.3d 543, 560 [consciousness of guilt may be inferred when defendant urges his fiancée to give false testimony]; *People v. Kendall* (1952) 111 Cal.App.2d 204, 213-214 (*Kendall*) [consciousness of guilt may be inferred when defendant accompanies his wife in offering witnesses money to leave the state]; cf. *People v. Hannon* (1977) 19 Cal.3d 588, 599-600 [consciousness of guilt may not be inferred when "some unidentified attorney" not linked with any party to the proceeding orders a witness not to talk to law enforcement].)

Second, any error was necessarily and "manifestly" harmless because it left it entirely to the jury to decide if the evidence showed that defendant had tried to provide false testimony.  (*People v. Crandell* (1988) 46 Cal.3d 833, 870, overruled on other grounds in *People v. Crayton* (2002) 28 Cal.4th 346, 364-365; *People v. Watson* (1977) 75 Cal.App.3d 384, 403.)

Defendant offers what boils down to two arguments against these conclusions.  First, he contends that there was no evidence that he asked his father to lie—and, by this, he necessarily means no *direct* evidence.  However, their relationship and their residency on the same property constitutes circumstantial evidence.  To the extent defendant is demanding *direct* evidence or *conclusive* evidence, he is demanding more than the law requires.  (*Kendall, supra,* 111 Cal.App.2d at p. 213 [attempts to

6

suppress evidence "may be, and ordinarily must be, proved by circumstantial evidence"]; *People v. Alexander* (2010) 49 Cal.4th 846, 921-922 [the "facts giving rise to an inference of consciousness of guilt" need not "be conclusively established"].) Second, defendant asserts that instructing the jury with CALCRIM 371 violated due process because there was no relationship between the factual predicate and the inference of consciousness of guilt. This assertion lacks merit as to CALCRIM 371 in the abstract because there is most certainly a rational relationship between the factual predicate of encouraging false testimony and the inferred fact of consciousness of guilt. (*People v. Goldsmith* (2014) 59 Cal.4th 258, 270.) This assertion also lacks merit as applied to the giving of CALCRIM 371 in this case because there was some evidence to support the factual predicate and the instruction left it to the jury to decide whether the predicate had been established—and hence whether the inference of a consciousness of guilt was warranted.

## II.   Review of In Camera Proceedings

### A.   *Motions to unseal and to quash*

When a defendant moves to suppress evidence obtained with a search warrant and the affidavit accompanying that warrant is wholly or partially filed under seal, the defendant may ask the trial court to conduct an in camera hearing at which (1) the court determines whether the sealed portions of the affidavit were properly sealed to protect official information (under Evidence Code section 1040), an informant's identity (under Evidence Code section 1041), or other applicable privilege, and, if "significant" portions of the affidavit *were* properly sealed, and (2) the court decides, based on both the unsealed *and*

*sealed* portions of the affidavit, whether there is a "reasonable probability that [the] defendant would prevail" on his pending motion to suppress. (*People v. Hobbs* (1994) 7 Cal.4th 948, 963, 972, 974-975; *People v. Heslington* (2011) 195 Cal.App.4th 947, 957-959.)

Defendant has asked us to review the sealed portion of the affidavit and the transcript of the in camera hearing to determine whether the trial court properly followed these procedures and whether its ruling was correct. We have reviewed these items, and independently conclude that the court followed the above stated procedures, and that it properly declined to order disclosure of the sealed portions of the affidavit and properly ruled that there was no reasonable probability that defendant would prevail on his motion to suppress. (*People v. Martinez* (2005) 132 Cal.App.4th 233, 241 [de novo review].)

### B. *Pitchess Motion*

The personnel records of law enforcement officers are privileged (§§ 832.5, 832.7 & 832.8), and may be disclosed only if a trial court (1) determines that there is "good cause" to conduct an in camera review of the personnel records; and (2) after such review, determines which records are "relevant to the subject matter involved in the pending litigation." (Evid. Code, § 1045; *People v. Mooc* (2001) 26 Cal.4th 1216, 1226 (*Mooc*).) If the court determines that an in camera hearing is warranted, the custodian of the personnel records must bring "all 'potentially relevant'" materials to the court and state what other documents in the personnel file were not brought and why, and the trial court must thereafter review those records and order any relevant records disclosed. (*Mooc*, at pp. 1228-1229.) We independently review the sealed records, but review the trial

8

court's determination of what is relevant for an abuse of discretion. (*People v. Myles* (2012) 53 Cal.4th 1181, 1209 (*Myles*).)

Our review indicates no error. We have reviewed the sealed transcript of the in camera hearing (*Myles*, *supra*, 53 Cal.4th at p. 1209 [review of sealed transcript is sufficient]), and conclude that the trial court did not abuse its discretion by refusing to disclose any other information produced in response to the discovery motion. (*Mooc*, *supra*, 26 Cal.4th at p. 1229.)

## III.   In Accordance with Assembly Bill No. 1950, the Term of Defendant's Probation Is Reduced from Five Years to Two Years

While this appeal was pending, AB 1950 took effect on January 1, 2021. (Stats. 2020, ch. 328, § 2.) AB 1950 reduced the maximum probation term for most felony offenses to two years. (§ 1203.1, subds. (a) & (m).) Because the reduction in the length of the probation term has an ameliorative effect, we presume that our Legislature intended to make its effect retroactive to nonfinal convictions in the absence of an express savings clause specifying a contrary intent. (*In re Estrada* (1965) 63 Cal.2d 740, 744–747.) AB 1950 contains no such savings clause. Therefore, in accordance with AB 1950, the maximum term of defendant's probation as to counts 1 and 2 is now two years. (Accord, *People v. Sims* (2021) 59 Cal.App.5th 943, 955-964 [reaching same result]; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885 [same].) We consequently remand the matter to the trial court to correct the minute order governing the length and terms of probation to reflect a two-year term of formal probation. Should either the People or defendant wish to make further motions regarding the length or terms of probation, each may file the appropriate motion(s) with the trial court.

9

**DISPOSITION**

The term of probation imposed as to counts 1 and 2 is reduced from five years to two years. The trial court is directed to correct the minute order to reflect the imposition of a two-year term of formal probation, and to notify the Los Angeles County Department of Probation of the change to defendant's probationary term. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ